Orly Taitz, Esq
Attorney & Counselor at Law
26302 La Paz, Suite 211
Mission Viejo Ca 92691
ph. 949-683-5411
fax 949-586-2082
California Bar ID No. 223433
(Application for Admission Pro Hac Vice
U.S.D.C. Middle District of Georgia
Submitted of Even Date July 8, 2009)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MAJOR STEFAN FREDERICK COOK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| COLONEL WANDA L. GOOD, | § | Civil Action:_____ |
| COLONEL THOMAS D. MACDONALD, | § | |
| DR. ROBERT M. GATES, UNITED | § | |
| STATES SECRETARY OF DEFENSE, | § | Rule 65(b) Application for |
| BARACK HUSSEIN OBAMA, *de facto* | § | Temporary Restraining Order |
| PRESIDENT of the UNITED STATES, | § | |
| Defendants. | § | |

**APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Plaintiff Major Stefan Frederick Cook has received from the Defendants in

this cause what appear to be facially valid orders mobilizing him to active duty with

the United States Army in Afghanistan on July 15, 2009 (Exhibit A).

**<u>AN OFFICER'S DUTY TO OBEY *LAWFUL* ORDERS:</u>**

This Plaintiff, at the time of his original induction, took the United States

military oath, which reads:

> "I, Stefan Frederick Cook, do solemnly swear (or affirm) that I will
> support and defend the Constitution of the United States against all
> enemies, foreign and domestic; that I will bear true faith and
> allegiance to the same; and that I will obey the orders of the
> President of the United States and the orders of the officers

*Rule 65(b) Application for Temporary Restraining Order*     1

appointed over me, according to the regulations and the Uniform Code of Military Justice. So help me God"

Title 10, Subtitle A, Part II of the United States Code contains the Uniform Code of Military Justice (UCMJ).  10 U.S.C. §890 (ART.90), makes it an offence subject to court-martial if any military personnel "willfully disobeys a **lawful** command of his superior commissioned officer," 10 U.S.C. §891 (ART.91) "**lawful** order of a warrant officer", and most importantly, 10 U.S.C. §892 (ART.92) provides court-martial for any officer who

> (1) violates or fails to obey any **lawful** general order or regulation;
> (2) having knowledge of any other **lawful** order issued by a member of the armed forces, which it is his duty to obey, fails to obey the order; or
> (3) is derelict in the performance of his duties;

In each case, Plaintiff submits that it is implicit though not expressly stated that an officer is and should be subject to court-martial, because **he will be derelict in the performance of his duties, if he does not inquire as to the lawfulness, the legality, the legitimacy of the orders which he has received, whether those orders are specific or general.**

Unfortunately the Uniform Code of Military Justice does not provide a means for ascertaining the legality of orders, and accordingly, this Plaintiff is left with no choice but recourse to the ordinary civil courts of the United States to seek a determination of what he considers to be a question of paramount constitutional and legal importance: the validity of the chain of command under a President whose election, eligibility, and constitutional status appear open to serious question.

Plaintiff Major Stefan Frederick Cook is not a pacifist.  He does not object to war or the use of military force in the implementation of national policy or the enforcement of international law.  Above all, Plaintiff is not a coward, he is not engaged in mutiny, sedition, insubordination, contempt, disrespect, or any kind of resistance to any general or specific l**awful** order of which he knows or has received notice.

Plaintiff Major Stefan Frederick Cook realizes and accepts as a matter of political reality (although it is very hard for him to bear personally) that many may criticize or even shun him, saying that he is not acting in the best interests of his country for trying to uphold the plain letter of the Constitution.  Others may cynically ridicule this Plaintiff when, as an officer responsible not only to obey those above him but to protect those under his command, he comes to this Court asking for the right to establish the legality of orders received not only for his own protection, but for the protection of all enlisted men and women who depend on HIS judgment that the orders he follows are legal.

Above all, when Plaintiff Major Stefan Frederick Cook submits and contends that he files and will prosecute this lawsuit and seeks an injunction or temporary restraining order against the enforcement of potentially illegal orders for the benefit of all servicemen and women and for the benefit all officers in all branches of the U.S. Military, he knows that those in power illegitimately may seek to injure his career.   He knows that he risks all and he does so in the conscientious belief that he does so for not merely his own, but the general good.

But Plaintiff cannot escape from the mandates of his conscience and his awareness, his educated consciousness, that all military personnel but especially

commissioned officers have an obligation and a duty to only obey Lawful orders and indeed have an obligation to disobey Unlawful orders, including orders by the president that do not comply with the UCMJ. The moral and legal obligation is to the U.S. Constitution and not to those who would issue unlawful orders, especially if those orders are in direct violation of the Constitution and the UCMJ.

Professor Hitomi Takemura of Kyushu University has recently (December 5, 2008) published a book entitled: ***International Human Right to Conscientious Objection to Military Service and Individual Duties to Disobey Manifestly Illegal Orders*** (New York: Springer-Verlag). This book stands as an international legal analysis of the duties of military officers, and it is significant, if not possibly somewhat ironic, that President Barack Hussein Obama has repeatedly argued that the United States should conform itself to international law and customs. Plaintiff does not in this case seek a judicial determination of whether or not there is a general duty to disobey all unlawful orders, but rather to decide whether an officer, such as the Plaintiff, may seek judicial determination of the lawful or unlawful nature of an order based on a constitutional challenge to the chain of command originating from a probably ineligible President and Commander-in-Chief. Plaintiff files this suit to clarify how he can both obey all lawful orders and avoid dereliction of his duties so as to escape court-martial under the UCMJ if he does NOT question the legality of the orders he has received. Plaintiff seeks to avoid not only court-martial in this country, but also treatment as a war-criminal or terrorist, not eligible even for protection under the Geneva convention, if he were found to be a merely mercenary soldier in a private army of slaves, "owned" or controlled by an

***Rule 65(b) Application for Temporary Restraining Order***          4

unconstitutional and therefore illegal commander, if he does not ask the question: "is this order legal?"

## NEVER BEFORE IN THE HISTORY OF THE UNITED STATES

Plaintiff presents the key question in this case as one of first impression, never before decided in the history of the United States: Is an officer entitled to refuse orders on grounds of conscientious objection to the legitimate constitutional authority of the current de facto Commander-in-Chief?  In the alternative, is an officer entitled to a judicial stay of the enforcement of facially valid military orders where that officer can show evidence that the chain-of-command from the commander-in-chief is tainted by illegal activity?  In the alternative, does the issuance of orders based on a constitutionally infirm chain-of-command under Article II create or render military service as a mere "involuntary servitude" in violation of the Thirteenth Amendment which may be judicially enjoined?

Plaintiff seeks injunctive relief against the United States Department of Defense, and each of Plaintiff's commanding officers, as expressly authorized by 5 U.S.C. §702.   Specifically, Plaintiff alleges that he will suffer legally cognizable but irreparable injury because of agency (U.S. Department of Defense) action if the order attached as Exhibit A were to be enforced, and that Plaintiff is adversely affected and aggrieved by this agency action within the meaning of Article II, §§1-2 of the United States Constitution, and is entitled to judicial review thereof. This action is filed in this United States District Court for the Middle District of Georgia, which venue is appropriate in that deployment from Fort Benning, Georgia, has been ordered to take place on July 18, 2009 (see Exhibit A).

This suit is filed seeking purely injunctive and declaratory relief (and no money damages) and the Complaint to be filed within 10-15 days of the filing of this Application for Temporary Restraining Order  (but in any case prior to or on even date with the hearing on Preliminary Injunction) states a claim that the Department of Defense and its officers, including the *de facto* President Barack Hussein Obama, as *de facto* Commander in Chief, together with Secretary of Defense Robert M. Gates, and Colonels Thomas D. MacDonald and Wanda L. Good as employees thereof, have acted illegally/i.e., without actual legal authority (valid chain of command) in issuing this order, or else failed to act in a ***de jure*** official capacity at all, or else have acted under color of legal authority by pretending that a lawful chain of command under the authority of a constitutionally qualified and elected President has been established pursuant to Article II, §§1-2 of the United States Constitution, when in fact, the current ***de facto*** Commander-in-Chief is not constitutionally qualified nor was he legally elected or appointed to succeed to the office of President of the United States.

Pursuant to 5 U.S.C. §702 this Application and Complaint yet to be filed may proceed and shall not be dismissed nor relief therein be denied on the ground that the Court may determine that this suit is filed against the United States or that the United States is an indispensable party[1].

Plaintiff submits that this court is required by federal common law to enter

---

[1]  5 U.S.C. §702 states in relevant part:
> The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance.

*Rule 65(b) Application for Temporary Restraining Order*                    6

a temporary restraining order in this case and to enjoin Plaintiff's deployment pursuant to the order contained in Exhibit A for the following reasons:

(1)     The United States Supreme Court has held that Federal rules are "necessary to protect uniquely federal interests". ***Texas Industries, Inc., v Radcliff Materials, Inc.***, 451 U.S. 630, 640 (1981), *quoting **Banco Nacional de Cuba v. Sabbatino,*** 376 U.S. 398, 426 (1964).  Included in this category is the creation of federal common law to protect federal interests in international law, which are particularly relevant to the legitimacy of United States military presence and intervention in foreign countries, of which the Plaintiff herein will be an integral part and instrument if the orders set forth in Exhibit A are not enjoined from enforcement.  ***Id.***

(2)     The issue or question raised by this suit is uniquely federal and properly (and in fact necessarily) subject to the exercise of federal power: the question whether the constitutional legitimacy of the chain of command under a constitutionally legitimate commander-in-chief pursuant to Article II, §§1-2 of the Constitution is essential to the maintenance of balance of powers and separation of powers under the constitution, and cannot be lightly dismissed in light of the Plaintiff's evidence that the ***de facto*** President of the United States is not only constitutionally unqualified, but procured his election by fraudulent and illegitimate means which may constitute a pattern of racketeering utilizing the apparatus of corrupt organizations in violation of 18 U.S.C. §1961 *et seq.*

(3)     A substantive federal rule of law to govern this issue has never been developed, presumably because there has never been a serious challenge to the constitutional eligibility and legitimacy of any commander-in-chief of the United

States Armed Forces prior to the apparent election of Barack Hussein Obama, but the novelty and uniqueness of this situation only underscores and does not diminish the critical nature of the inquiry to be made. *See, e.g.,* Martha A. Field "Sources of Law: the Scope of Federal Common Law", **99 Harvard L. Rev. 881, 886 (1986)** and David J. Barron & Martin S. Lederman "The Commander-in-Chief at the Lowest Ebb—Framing the Problem, Doctrine, and Original Understanding," **121 Harvard L. Rev. 689, 712, 748 (2008)**.

(4)      It is probably not an overstatement to submit that there has never been a greater need to create federal law to safeguard federal interests than now, when the constitutional legitimacy of the President and by extension of all exercises of Presidential power are called into question.  There are no direct precedents in all of United States History, there are no state rules which could reasonably be applied.   To paraphrase the United States Supreme Court's holding in ***Clearfield Trust Co. v. United States***, "the rights and duties of the United States" in regard to the constitutional legitimacy and qualifications of its highest officers "are governed by federal rather than" any other law.  **318 U.S. 363 at 366 (1943).**  "The authority to" inaugurate the President and determine whether his orders are entered with legitimate authority or not have "its origins in the Constitutions and the Statutes of the United States and [is] in no way dependent upon the laws of" any particular state or foreign jurisdiction.  ***Id.*** at 366-7.

(5)      Few will dispute that the legitimacy of the President and of the Presidency itself is a matter of paramount concern (even exceeding that of the government issued commercial paper/checks at issue in ***Clearfield Trust***) and importance to the several states and all foreign jurisdictions which may have to deal with the

most powerful nation in the world.  As noted above, the legitimacy of the Chief Executive and Commander-in-Chief affects the relationships of the Federal Government particularly with those nations in which this nation takes and implements action and policy by and through its military forces on foreign soil. *See also* Erwin Chemerinsky **Federal Jurisdiction, 5th ed. (2007)** 363.

(6)     Thus, federal interests of incomparable dimensions exist which justify this court's creation of federal law and no challenged action instituted by the executive branch should be allowed to proceed until clear criteria have been established to guide this determination.  To hold otherwise would be to reduce the constitution to notions of ***realpolitik*** and a government of men asserting their power by force rather than laws.

(7)     Plaintiff submits that in the absence of a constitutionally valid and legitimate commander-in-chief, he cannot serve to impose the military might and power of this country in a foreign land as a matter of principle. Plaintiff asks that he therefore be granted status as a conscientious objector on moral, religious and philosophical grounds, not that Plaintiff is a pacifist or in any way opposed to the use of military force to further the legitimate interests of the United States, but on the grounds that he cannot abide the notion that he might possibly be implementing by force the policy of a government whose executive power and commander-in-chief may have assumed power unlawfully and might have established themselves on a foundation of fraud, lies, and deceit.

(8)     The evidence contained in Exhibit B shows that Barack Hussein Obama might have used as many as 149 addresses and 39 social security numbers prior to assuming the office of President.  The social security number most commonly

used by Barack Hussein Obama, is one issued in the state of Connecticut, the state where Barack Hussein Obama never resided and it shows him to be 119 years old. This coupled with the fact that Mr. Obama's grandmother, Madeline Dunham was a volunteer at the Oahu Circuit Court Probate Department and had access to the social security numbers of the deceased, constitutes circumstantial evidence casting serious doubt on the legitimacy of Mr. Obama and his claims of being born on US territory.  Exhibit C, the expert affidavit of renowned forensic document examiner Sandra Ramsey Lines, states that the certification of live birth posted by Mr. Obama as verification of his legitimacy, cannot be verified as genuine, and should be presumed fraudulent.

(9)     This doubt is further reinforced by the fact that the Hawaiian statute 338 allows **foreign born** children of Hawaiian residents to obtain Hawaiian birth certificates, that those birth certificates can be obtained **based on a statement of one relative only** without any corroborating evidence from the hospital; that "**late birth certificates"** (i.e. non-contemporaneously, post-facto, in two words "potentially fabricated") can lawfully, under this statute, be obtained at any time later in life.

(10)    That is of paramount concern, as Barack Hussein Obama's original birth certificate was never provided by the state of Hawaii, but only a statement that there is an original "long birth certificate" document on file.  The statement repeatedly provided by Hawaiian officials is quite simply incomplete, evasive, and without explanation of critical details: namely, whether it is a foreign birth certification or one obtained based on a statement of one relative only, or a late certification or amended one, obtained upon adoption by his stepfather.  See

*Rule 65(b) Application for Temporary Restraining Order*     10

Exhibit C: the Certification of Live Birth posted by Mr. Obama on the Internet, cannot be treated as genuine without examining the original on file with the Health department of the State of Hawaii.

(11)     In addition or in the alternative, Plaintiff submits that, absent clearly established and indisputable proof of constitutional right to serve as commander-in-chief, the army becomes merely a corps of chattel slaves under the illegitimate control of a private citizen, in violation of the Thirteenth Amendment and that this Plaintiff is entitled to constitutionally complete and sufficient proof of his commander-in-chief's eligibility and entitlement to serve in this capacity under Article I, §§1-2 prior to obeying orders from a man against whom mountains of evidence now exist (Exhibit B, and additional evidence which can be provided at the Preliminary Injunction hearing) to show that he obtained the office of President without legal qualifications, and further that he did so by and through a continuous pattern and program of fraud and deceit.

(12)     A long line of cases now exists to show that 42 U.S.C. §§1983, 1988 may be used to bring suit against Federal Officials for violations of constitutional rights, and 42 U.S.C. §1988(a) specifically authorizes courts to adapt or fashion common law remedies to prevent constitutional violations where no adequate remedy exists or is set forth in law---such specially fashioned remedies would include expressly empowering military officers to challenge orders based on constitutional defects in the chain of command by means of equitable judicial proceedings such as this one, and to permit injunctions against deployment where the chain of command is reasonably subject to question.

(13)     Critical among the cases applying §1983 to suits against Federal (indeed,

Military) officers, is the 1982 case of ***Harlow v. Fitzgerald*, 457 U.S. 731 (1982)** and closely related successor ***Mitchell v. Forsyth*, 472 U.S. 511 (1985).** These cases held that U.S. Government officials (such as Defendants in this case) could only claim qualified immunity, and that even qualified immunity was available to them only if they followed well-established law and norms of construction or interpretation of law.

(14)    Plaintiff submits and here asks this Court to find, declare, and hold that the requirement that the President of the United States be a natural born citizen, set forth in Article II, §1 of the Constitution, creates a "clearly established … constitutional right of which a reasonable person would have known." ***Harlow v. Fitzgerald*, 457 U.S. at 818.**

(15)    The right in question which Plaintiff asks this Court to define and recognize as a matter of first impression should be defined either as the unilateral right to disobey or the right to seek a judicial injunction against the enforcement of orders given on the unproven ***de facto*** authority of a government headed by a man against whom such evidence of  high likelihood of fraud as the affidavit of Neal Sankey (attached as Exhibit B) can be assembled from public records alone.

(16)    In other words, Plaintiff asks this Court to rule, declare, and adjudge, pursuant to 42 U.S.C. §1988(a), that an officer of the Army of the United States (all officers)!) must have the right to question apparently illegitimate authority in the courts or else in the course of his employment as an officer directly within the army chain of command or in both capacities and by both manners.  Current law does not establish any means of verifying the constitutional legitimacy of orders or the constitutional chain of command.

***Rule 65(b) Application for Temporary Restraining Order***          12

(17)    Unlike the Federal officers in **_Wilson v. Layne_** who brought reporters along with them when they executed search warrants (526 U.S. 703 [1999]), there IS a simple consensus of authority on the question of the requirement that the President be a natural born citizen sufficient to provide a basis for a reasonable army officer to doubt that his country's commander-in-chief might be accepted as legitimate outside the United States.  This Court should rule that a reasonable officer has the right to ask, indeed to demand, that a federal court enjoin his overseas deployment until such time as the answers raised by Barack Hussein Obama's use of multiple addresses (almost all outside of any reasonable connection to his "official" life history) and social security numbers, including at least one social security number of a deceased person (Exhibit B).

(18)    That this Plaintiff claims status as a conscientious objector must be clarified and emphasized in several ways: Plaintiff is no pacifist nor an anti-war protester.  Plaintiff actually does want to go to Afghanistan and he verifies this fact, as he does this entire petition, under penalty of perjury (as required by Rule 65(b)(1).

(19)    Plaintiff believes that his service in Afghanistan would be positive and serve the interests of world peace, the advancement of the people of Afghanistan, and the security of the people of the United States (and the allies of the United States in Europe and around the world).

(20)    However, Plaintiff is also aware that the general opinion in the rest of the world is that Barack Hussein Obama has, in essence, slipped through the guardrails to become President.  The United States and her military, commanded by a man who has himself expressed pacifist and anti-military opinions, are the

targets of derision and ridicule abroad.

(21)   The grounds for grant of a Temporary Restraining Order are well known: (a) likelihood of success on the merits, (b) balance of hardships, (c) irreparable injury to Plaintiff, and (d) public policy favors the issuance of injunctive relief.

(22)   Plaintiff submits that as to the likelihood of success on the merits---since this is a question of first impression, Plaintiff should be awarded the temporary injunction regardless of the lack of precedent, (a) because of the critical nature of any serious question concerning the constitutional legitimacy of the President as Commander-in-Chief, (b) because of the critical federal interest in this question, especially from the standpoint of military presence abroad, in potentially if nor certainly hostile territory, (c) because of the mounting evidence of fraud on the part of the ***de facto*** President shown in Exhibit B,  and (d) because of the well-known but as yet undecided question of Barack Hussein Obama's legitimacy, qualified immunity does not protect any officer from a potentially erroneous decision in this matter, Plaintiff's likelihood of success on the merits---at least on the question that standards need to be established for constitutional legitimacy of the President, and that military officers must have the right (especially in time of domestic peace and no known imminent invasion or attack on the country) to demand proof of legitimate chain of command.

(23)   As to balance of hardships, the Plaintiff is a Patriotic American who voluntarily joined the army and placed his life on the line for the defense of freedom and the rule of law ("truth, justice, and the American way of life") as his career.  Plaintiff has found reason to doubt the legitimacy of the Commander-in-Chief, and demands proof, at the very minimum, of the Barack Hussein Obama's

constitutional legitimacy and eligibility, which is made more acute by the
evidence of multiple addresses and social security numbers attached as Exhibit B.

(24)    However, Barack Hussein Obama, in order to prove his constitutional
eligibility to serve as President, basically needs only produce a single unique
historical document for the Plaintiff's inspection and authentication: namely, the
"long-form" birth certificate which will confirm whether Barack Hussein Obama
was in fact born to parents who were **both citizens of the United States** in
Honolulu, Hawaii, in or about 1961.  It is no answer to show the short-form birth
certificate which has no seals and is signed by no one and is produced, as most
birth-certificates are, by computerized reproduction.  In light of Exhibits B, the
affidavit of Neal Sankey, as well as Exhibit C, Plaintiff submits under his sworn
acknowledgement and verification below, that only final proof of Barack Obama's
natural born citizenship by authentic, and authenticated, legal documents will
prevent this Plaintiff from fear that he is serving a false master, a false
commander-in-chief, a false President, and thereby violating the international
laws of nations by acting without legitimate authority.

(25)    The balance of equities, the balance of hardships, clearly favor the entry of
this Temporary Restraining Order.  From the Plaintiff's standpoint, if the history
of World War II and the Nuremberg Trials teaches us anything, it is that no
military officer should ever rely on "apparent" authority or "facial" legitimacy of
orders.  Every officer has an independent duty to use his conscience and evaluate
the legitimacy of the chain of command under which he operates, and when
reasonable doubts arise, the Courts should afford remedy and protection.  If
Plaintiff were to proceed to wage war on the people of Afghanistan, even the

Taliban and other proven sponsors of terrorism, under the orders of an illegitimate President, Plaintiff runs the risk of acting as a ***de jure*** war criminal---not entitled to the protections of international law at all.

(26)    All that is asked of the President is that he humbly acknowledge and produce his true and complete "original" birth certificate.  So long as this form proves the Barack Hussein Obama's status as a "natural born" citizen, the President and the Presidency will not only have suffered no harm, but will have reaffirmed the faith of the people in the rule of law as dominating all men, including the President of the United States.

(27)    As discussed above, the balance of the equities and hardships shows that, so long as the President is and has always been honest and truthful about his place of birth and parentage, he will suffer no harm at all---and if the President has not always been honest and truthful about his origins, then he will suffer no unjustified harm or injury as a result of the necessary disclosures.

(28)    However, the potential harm to the Plaintiff if relief is denied is that he will be required to serve heavily burdened by a doubtful and unwilling conscience, which in itself is and ought to be repugnant to a free society. Involuntary servitude was abolished in 1865, and this Court should not underestimate the crisis of confidence which an order of unquestioning obedience will have, nationwide, on the legitimacy and "full faith" which can be accorded to its officers and their actions.

(29)    A man who doubts his commander-in-chief cannot be a good soldier, unless he is instructed that "following orders" is the highest virtue of all, and surely the Nuremberg Trials, and the Trial of Adolf Eichman in Jerusalem, have

proven this position false and dangerous to civilization and the moral and ethical administration of government.  This harm, this injury to conscience, is not speculative, it is not remote, it is immediate and without any legal remedy of damages or later honor bestowed as a result of service.

(30)     Perhaps slightly more remote and speculative, but possible, plausible, and by no means without precedent in the past century is the possibility that if THIS Plaintiff is not allowed access to the truth, someone else may yet expose that the current ***de facto*** President serves in mockery and defiance of the Constitution, and that all his military adventures abroad will eventually be classified as private, slave armies engaged in private, piratical warfare unsanctioned by International Law and subject this Plaintiff to prosecution as a war criminal.

(31)     As far as public policy goes, allusion has already been made to the crisis of public confidence---even if only 10-20 percent of the American people believe that Barack Hussein Obama is lying about or hiding the details of his true place of birth or national origins---this Court would be doing the public interest a great service by protecting this Plaintiff's right to conscientiously object based on his reasonable and well-founded doubts concerning the chain of command originating from a questionable commander-in-chief.

(32)     Furthermore, judicial resolutions of festering doubts and lack of confidence can diffuse social tension and re-establish confidence in the rule of law more generally.

(33)     Plaintiff points out that there was another time in United States history when officers of the military were forced to make a choice whether to follow the central government or their consciences.  That time in United States history was

in 1861 when some of the finest officers of the United States Army felt that they and their constitution had been betrayed by the central government, and that is how Mexican War heroes Jefferson Davis and Robert E. Lee, among so many others, became the leaders of the Confederate States of America.

(34)    There were no lawsuits filed at that time---5 U.S.C. §702 and 42 U.S.C. §§1983-1988 had not yet been enacted.  But the public interest is served by permitting Army officers to seek judicial protection and assistance when they question the legitimacy and authority of the commander-in-chief with regard to moral and constitutional issues.

(35)    There are no "competing" governments now---no seceding states, however over 30 states have either passed or considered the bills of Sovereignty lately, which can be a step towards secession and a sign of vast dissatisfaction with the Federal government and the President.

(36)    In historical hindsight it is easy to say the Jefferson Davis and Robert E. Lee hurt their own states of Mississippi and Virginia by supporting secession.

(37)    In historical hindsight it is easy to say that even the pro-slavery cause might have been better served by acquiescence under Abraham Lincoln, who (absent secession and civil war) lacked any realistic legal power, as President in 1861, to interfere with slavery in any state or territory where it already existed.

(38)    Plaintiff submits that judicial resolution of festering sores such as occur when people feel they cannot trust their leaders to follow the law, to live by the law, and to respect the concerns of all the people, especially when it will cost their leaders almost nothing to restore or bolster confidence, is a major public policy reason why this Temporary Restraining Order should be granted.

*Rule 65(b) Application for Temporary Restraining Order*      18

## SERVICE UNDER RULE 65(b)---Application for TRO

This application for Temporary Restraining Order will be served on all parties named, but as required, will in addition be served on Maxwell Wood, the United States Attorney for the Middle District of Georgia, resident in Macon, Georgia, with offices in Athens, Columbus, Macon and Valdosta, Georgia, as required by law, as well as on Eric Holder, the Attorney General of the United States of America.

The timing of Plaintiff's receipt of orders and his imminent deployment from Fort Benning to Afghanistan, within ten days, require that this Court enter this Temporary Restraining Order prior to hearing or else that hearing be set not later than Wednesday, July 15, 2009 (and Plaintiff's attorney has another parallel and related hearing (involving different Plaintiffs and grounds for relief) in the United States District Court for the Central District of California in Santa Ana on Monday July 13, 2009).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will enter a temporary restraining order without hearing, waiving all bonds or other financial requirements, and set this matter for hearing on Preliminary Injunction approximately ten days (not counting weekends) from the entry of this order. Specifically, Plaintiff prays that this Court

(1) recognize and respect Plaintiff's status as a conscientious objector based solely on legitimate doubts concerning the constitutional qualifications and eligibility of the *de facto* President and Commander-in-Chief, Barack Hussein Obama,

(2) enjoin Defendants Colonels Robert M. Gates, Wanda L. Good and Thomas D. MacDonald from deploying Plaintiff to Afghanistan or anywhere on active duty at all until

(3) such time as the constitutional qualifications and eligibility of Barack Hussein Obama to serve as President and Commander and Chief have been established by clear and convincing evidence (which standard of proof befits a constitutional requirement, especially in light of the confusing and conflicting circumstantial evidence set forth in Exhibits B and C).

Respectfully submitted,

Wednesday
July 8, 2009

By:_____
Orly Taitz, DDS, Esq.
California Bar ID No. 223433
FOR THE PLAINTIFF
Attorney & Counselor at Law
26302 La Paz, Suite 211
Mission Viejo Ca 92691
29839 S. Margarita Pkwy
Rancho Santa Margarita Ca 92688
Ph. W.: 949-586-8110 Cell: 949-683-5411
Fax 949-586-2082

## **PLAINTIFF'S VERIFICATION**

On this 8th day of July, 2009, the undersigned Plaintiff Major Stefan Frederick Cook appeared in person before me and, having been by me duly administered the oath as required by law, and further having been advised that he made all statements under penalty of perjury, he then and there did depose himself and state that he had read the above-and-foregoing Application for Temporary Restraining Order to prevent his deployment to Afghanistan under orders of a chain of command headed by Barack Hussein Obama, and that he had personally verified that all the factual statements contained therein were true and correct to the best of his well-studied information, knowledge, and belief.

As required by Rule 65(b)(1) the same Plaintiff Major Stefan Frederick Cook also stated that Exhibit A is a true and correct copy of his orders of deployment to active duty, requiring him to report to MacDill  Air Force Base in Tampa on July 15 and from thence be transferred to Fort Benning, Georgia, and from then be deployed in Afghanistan.

Plaintiff affirmed and acknowledged that he conscientiously objected to serving under orders from the armed forces of the United States on active duty if and as currently headed by Barack Hussein Obama, fearing that the President obtained and held his office under false pretenses and fraudulent statements concerning his constitutional eligibility, personal history, and background, and that Plaintiff would be acting in violation of international law by engaging in military actions outside the United States under this President's command, and that Plaintiff would thus be simultaneously unable to perform his duties in good

conscience and yet be simultaneously subjecting himself to possible prosecution as a war criminal by the faithful execution of these duties.

In conclusion, Plaintiff affirmed and verified that he submitted this Application for Temporary Restraining Order solely for the purposes and reasons stated, and not for any fear or reluctance to serve his country in the armed forces, but purely and simply from his complete distrust of the Commander-in-Chief and the constitutional qualifications of this ***de facto*** President to lead and serve the army, including but not limited to his legitimate authority and power to establish a ***de jure*** chain of command.

This verification and acknowledgement was done and executed on this 8th day of July, 2009, in Tampa, Hillsborough County, Florida.

_____
Major Stefan Frederick Cook, U.S. Army

## NOTARY'S JURAT

As aforesaid, Plaintiff Stefan Frederick Cook appeared in person before me on July 8, 2009, to acknowledge, execute, sign under oath, and verify the above and foregoing Application for Temporary Restraining Order as Required by Rule 65(b)(1) of the Federal Rules of Civil Procedure.

I am a notary public, in good standing, authorized and qualified by the State of Florida to administer oaths.

_____
Notary Public, State of Florida,
        Tampa, Hillsborough County

NOTARIAL SEAL AFFIXED ABOVE

Printed Name of Notary:_____, address:_____

My Commission Expires:_____

*Rule 65(b) Application for Temporary Restraining Order*        22

CERTIFICATE OF SERVICE

The above-and-foregoing Application for Temporary Restraining Order was served by facsimile and/or hand delivery on July 8, 2009, on the following parties:

Colonel Thomas D. MacDonald, Garrison Commander, Fort Benning, Georgia

Colonel Wanda L. Good, Assistant Garrison Commander, Fort Benning, Georgia

Dr. Robert M. Gates, Secretary of Defense, by and through_____

President Barack Hussein Obama,
At
The White House
1600 Pennsylvania Avenue
Washington, D.C. 20500

by and through the Attorney General of the United States, Eric Holder, at

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

and Maxwell Wood, United States Attorney for the Middle District of Georgia, at

U.S. Attorney's Office    Gateway Plaza    300 Mulberry Street, 4th Floor    Macon, Georgia 31201    Tel: (478) 752-3511

And also at:

Columbus Division    1246 First Avenue    SunTrust Building, 3rd Floor    Columbus, Georgia 31901    Tel: (706) 649-7700.

_____
Attorney Orly Taitz, Esquire,
For the Plaintiff Major Stefan Frederick Cook