UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MAJOR STEFAN FREDERICK COOK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:09-CV-82 (CDL) |
| | ) |
| COLONEL WANDA L. GOOD, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

COMES NOW Defendants, by and through counsel, the United States Attorney for the Middle District of Georgia, and respectfully submit this Memorandum in Support of Defendants' Motion to Dismiss the Application for a Temporary Restraining Order submitted by Plaintiff, Major Stefan Cook.

**I. INTRODUCTION**

Major Cook is a Army Reservist assigned to perform reserve duty at Headquarters, U.S. Southern Command ("SOUTCOM"), in Miami, Florida. Major Cook received mobilization orders to report active duty at MacDill Air Force Base on July 15, 2009, and then to Fort Benning, Georgia, on July 18, 2009, for deployment to Afghanistan with U.S. Special Operations Central Command ("SOCCENT"). Major Cook now comes before this Court seeking a temporary restraining order to challenge his deployment orders to Afghanistan claiming that "the Commander in Chief is not constitutionally qualified nor [ ] legally elected or appointed to succeed to the office of President of the United States." Plaintiff's Application for a Temporary

Restraining Order ("TRO App.") at 6. This case no longer presents a live case or controversy, nor does Major Cook have standing to pursue his claim; therefore, the Court lacks subject matter jurisdiction over his claims and they should be dismissed.

## II. ARGUMENT

A. **Motion To Dismiss For Lack Of Jurisdiction**

A proper basis for a motion to dismiss is when the court lacks jurisdiction over the subject matter. See Fed. R. Civ. P. 12(b)(1). Unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may "decide for itself the factual issues which determine jurisdiction." Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). See also Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990), Scarfo v. Ginsberg, 175 F.3d 957, 960-961 (11th Cir 1999) (11th Circuit adopts Williamson, Id., rationale for viewing motions to dismiss based on Rule12(b)(1)).

B. **Major Cook's Request for Injunctive Relief is Moot**

Major Cook's Application for a Temporary Restraining Order should be denied as moot. The Commanding General of SOCCENT has determined that he does not want the services of Major Cook, and has revoked his deployment orders. Defense Exhibit ("DEX" A). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Ethredge v. Hail, 996, F.2d 1173 (11th Cir. 1993), citing United States v. Certain Real & Personal Property, 943 F.2d 1292, 1296 (11th Cir. 1991).

In his Application for a Temporary Restraining Order, Major Cook asks that the Court

enjoin Defendants from deploying him on active duty until the constitutional qualifications and eligibility of the President and Commander in Chief can be established. TRO App. at 20. Major Cook's mobilization orders have been revoked, see DEX A, therefore, he is no longer subject to deployment or active duty service. As such, there is no longer a live case or controversy upon which this Court can give meaningful relief. Accordingly, Major Cook's Application for a Temporary Restraining Order should be dismissed.

C.   **Major Cook Lacks Standing to Pursue His Claim**

Without mobilization orders, Major Cook lacks standing to pursue his claims. Standing is an "irreducible constitutional minimum" that has three elements. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); see also Florida Family Policy Council v. Freeman, 561 F.3d 1246, 1253 (11th Cir. 2009) (employing Lucan's three-pronged test). First, a party must have experienced an injury in fact: "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (citations and quotations marks omitted). Second, there must be a causal connection between the injury in fact and the defendant's conduct that is "fairly ...traceable] to the challenged action of the defendant, and not ...the result [of] the independent action of some third party not before the court." Id. at 560-61 (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)). Third, a favorable decision must be likely to redress the complained of injury. Lujan, 504 U.S. at 561 (citations omitted).

Major Cook cannot demonstrate that he will experience an injury in fact. His mobilization orders have been revoked and he is no longer subject to active duty military service or deployment. Major Cook asserts that he is not reluctant to serve his country in the Armed

3

Forces.  See TRO App. Plaintiff's Verification at p. 2.  Thus, Major Cook's claim that he would be harmed by his participation in the war in Afghanistan because it could lead to his classification as a "de jure war criminal," not entitled to the protections of international law, is no longer an actual or imminent threat (if it ever were), and certainly amounts to nothing more than conjecture on his part.

Additionally, a favorable decision on Major Cook's Application for a Temporary Restraining Order, the only thing currently pending before this Court, would no longer redress the complained of injury.  Major Cook has asked that the Court issue a temporary restraining order to enjoin the execution of his mobilization orders which would bring him to Fort Benning, Georgia, and within the jurisdiction over this Court.  As set forth above, those orders have been revoked and Major Cook no longer has orders giving him any presence within this judicial district. Thus, this Court would no longer be the proper forum for his claims, and lacks jurisdiction to redress the complained of injury.

Accordingly, Major Cook no longer has standing to pursue his claims, and his Application for a Temporary Restraining Order should be dismissed.

### III. CONCLUSION

Defendants respectfully request that the Court dismiss his Application for a Temporary Restraining Order.

MAXWELL WOOD
                                            UNITED STATES ATTORNEY



                    By:         s/William D. Gifford for
                                H. RANDOLPH ADERHOLD
                                Assistant U.S. Attorney
                                Georgia Bar No. 005150
                                P.O. Box 1702
                                Macon, Georgia 31202-1702
                                Telephone: (478) 621-2728
                                Facsimile: (478) 621-2737



OF COUNSEL:
MAJOR REBECCA E. AUSPRUNG
Department of the Army
U.S. Army Litigation Division
901 North Stuart Street, Suite 400
Arlington, VA 22203-1837
Tele: 703-696-1614
Email: Rebecca.Ausprung@us.army.mil

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the Defendants' Motion to Dismiss and Memorandum in Support with the Clerk of United States District Court using the CM/ECF system which will send notification of such filing to the following:

**Orly Taitz**
Law Offices Of Orly Taitz Esq
26302 La Paz Ste 211
Mission Viego , CA 92691
949-683-5411
Email: dr_taitz@yahoo.com

I also certify that I have this date mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participant: N/A.

This 15th day of July, 2009.

s/William D. Gifford for
H. RANDOLPH ADERHOLD
ASSISTANT UNITED STATES ATTORNEY
