UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MAJOR STEFAN FREDERICK COOK,

    Plaintiff

v.                                                          Case No. 4:09-cv-82 (CDL)

COLONEL WANDA L. GOOD, et al.

    Defendants

ORDER

    To make the record complete and easily accessible to the parties and other persons interested in the Court's oral ruling today, the Court files this written order that puts in writing the oral order that the Court issued from the bench at the conclusion of the hearing today on the Defendants' motion to dismiss.

    The same Constitution upon which Major Cook relies in support of his contention that President Barack Obama is not eligible to serve as President of the United States very clearly provides that federal courts shall only have the authority to hear actual "cases and controversies." By restricting the Judiciary's power to actual "cases and controversies," our founders wisely established a separation of powers that would ensure the freedom of their fellow citizens. They concluded that the Judicial Branch, the unelected branch, should not inject itself into purely "political disputes," and that it should not entangle itself in hypothetical debates

which had not ripened to an actual legal dispute.

The Courts have therefore consistently held that in order to have legal "standing" to pursue a claim in federal court, a party seeking federal jurisdiction must establish the following three elements: 1) that he has experienced an "injury in fact" that is concrete and particularized and actual or imminent, as opposed to merely conjectural or hypothetical; 2) that there is a causal connection between the injury and the defendant's conduct that is traceable to the challenged action of the defendant; and 3) that a favorable decision will likely redress the complained of injury.

In this case, Major Cook cannot satisfy these elements.  His orders have been revoked.  He is not being deployed to Afghanistan or Iraq.  He is under no present order to report anywhere.  There is no evidence that he is subject to future deployment.  Any such contention is sheer speculation and entirely hypothetical.  Thus, he has suffered no particularized or concrete injury.  There is no causal connection between any conduct by the defendant and any alleged injury.  And the only remedy he sought from this court, avoiding deployment, has already been provided, and thus there is no remedy that this court may provide that will redress his alleged injury.

Based on all of these reasons, Major Cook does not have standing to pursue this action.  Thus, no case or controversy exists under the United States Constitution, and this Court consequently has no subject matter jurisdiction over this action.

Accordingly, Defendants' motion to dismiss must be granted.

Recognizing that his opportunity to air his grievance over the President's eligibility to serve as President of the United States was slipping by, Plaintiff's attorney seeks to rescue the claims with two arguments:  First, she argues that the Court should exercise jurisdiction because the complained of conduct is "capable of repetition, yet evading judicial review."  Second, she seeks to amend the complaint to add two additional parties, Maj. Gen. Carol Dean Childers (Retired) and Lt. Col. David Earl Graef.  Plaintiff's efforts to maintain this political controversy in federal court must fail.

First, there is no evidence that Major Cook is likely subject to future deployment orders.  In fact, the evidence is to the contrary.  He is not likely to be deployed in the future.  Therefore, it is speculation that he will be under the command of President Obama as a member of the United States Military.  Second, there is no evidence that he would not have an opportunity to have any future claim reviewed.  There is simply no evidence that this claim falls within the narrow "capable of repetition, yet evading review" principle of federal jurisdiction.

Second, the Court finds that Major General Childers and Lt. Col Graef do not have standing to pursue their claims.  They have alleged no concrete particularized injury.  They simply maintain that they do not believe President Obama is eligible to serve as President of the United States, and that hypothetically they "may"

one day be subject to orders while he is Commander in Chief. They have no standing orders to report to duty. They are under no order for future deployment. They have made no showing that they will not have a process available to them to protest any orders should they be issued. Their political claim does not give rise to a case or controversy to be heard in federal court.

This Court has a duty to follow the United States Constitution. That Constitution limits jurisdiction to actual cases and controversies. To extend jurisdiction beyond its limits would be a violation of that very Constitution upon which Plaintiff relies in support of his claims. This the Court refuses to do.

This entire action is dismissed for lack of subject matter jurisdiction. The parties shall bear their own costs.

        This 16th day of July, 2009

        <u>S/Clay D. Land</u>
        Clay D. Land
        United States District Judge
        Middle District of Georgia